IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:18-cr-00123-JO |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT WAYNE LITTRELL, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

    Defendant Robert Littrell (Littrell) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 38. Specifically, Littrell requests that his sentence be reduced to time served and that he be immediately released to an extended period of home confinement. Littrell's reason for filing the petition is his medical condition in the face of the novel coronavirus pandemic. The government opposes his motion. For the reasons that follow, the Court DENIES the motion.

## BACKGROUND

    Littrell pleaded guilty to one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1), and (a)(5)(B), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(b)(2). ECF No. 17. The Court sentenced Littrell to a mandatory minimum 60-month prison term. ECF No. 33. He began serving his sentence on

May 28, 2019, and his projected release date is August 30, 2023. On April 8, 2020, Littrell submitted a formal request for compassionate release and has not received a response from the warden. ECF No. 38 at 5. Littrell tested positive for COVID-19 and was moved to a restricted dormitory, where he remained until May 21, 2020. ECF No. 41-4. According to Littrell, he has not experienced any symptoms. *Id*.

## **LEGAL STANDARD**

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (3) when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115- 391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). Now, a defendant may bring a motion for compassionate release, but only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting all administrative appeals after the BOP denied the defendant's petition or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The pertinent policy statement by the Sentencing Commission for sentence reductions was last amended before the FSA passed and is found in Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13.[1] The Note[2] identifies extraordinary and compelling

---

[1] Because the Sentencing Commission's policy statement was not amended after enactment of the First Step Act, "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release . . . because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 89-cr-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (citing *Brown v. United States*, 411 F. Supp. 3d 447, 499 (S.D. Iowa 2019) (canvassing district court decisions)) (quotation marked omitted). As explained by one court, "a majority of federal district courts have found that the most natural reading of the amended § 3582(c) and [28 U.S.C.] § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020).

[2] The portion of the FSA relevant to Littrell's petition defines "extraordinary and compelling reasons" as:

    1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.—**

    * * *

 (ii) The defendant is—

(I)      suffering from a serious physical or medical condition

(II)     Suffering from a serious functional or cognitive impairment, or

(III)    Experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    * * *

reasons in four categories: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as determined by the Director of the BOP in a defendant's case amounting to an extraordinary and compelling reason, other than, or in combination with, the reasons described in subdivisions (1) through (3).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

A defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that "extraordinary and compelling" reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

The government concedes that more than 30 days have passed since Littrell filed his compassionate release request with the BOP and that exhaustion is not an issue. Gov't Resp. ECF No. 42 at 4.

Littrell is 52 years old. At the time of sentencing, he had been diagnosed with diabetes, hypertension, and obesity. PSR ECF No. 25 at 12. Littrell contends that his age and serious medical conditions, combined with the growing pandemic and the outbreak at FCI Terminal Island, provide extraordinary and compelling reasons to reduce his sentence. The government counters that Littrell does not qualify for compassionate release because his medical conditions

---

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

are being properly managed at the prison and he has already tested positive for COVID-19 and has recovered. The government further argues that Littrell, with projected good conduct time considered, has served less than 25 percent of his sentence, and his release would present a danger to the community.

It is undisputed that we are in the midst of a global health crisis due to the novel coronavirus. The CDC identifies people who are at higher risk for severe illness from the virus as:

- People 65 years and older
- People who live in nursing home or long-term facility
- People of all ages with underlying medical conditions, particularly if not well controlled, including:
    People with chronic lung disease or moderate to severe asthma
    People who have serious heart conditions
    People who are immunocompromised
- People with severe obesity (body mass index [BMI] of 40 or higher)
- People with diabetes
- People with chronic kidney disease undergoing dialysis
- People with liver disease

*People Who Are at Higher Risk for Severe Illness,* CDC (June 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Furthermore, prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life. *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* CDC (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctinal-detention.html. FCI Terminal Island appears to be one of the most severely affected BOP facilities in the United States. As of July 9, 2020, with a population of 914 inmates, the facility reported 10 inmate deaths, 6 inmates currently infected, and 661 inmates who have

recovered. Https://www.bop.gov/coronavirus/. The facility also reported no staff member deaths, 3 staff members currently infected, and 16 staff members who have recovered.

Compassionate release is "rare and extraordinary" and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2-3 (W.D.N.C. Mar. 16, 2020). District courts have declined to grant compassionate release when a defendant is suffering from chronic conditions that are being managed in prison. "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Alvarez*, 3:18-cr-00158-SI, 2020 WL 3047372, at *5 (D. Or. June 8, 2020) (rejecting a claim from a 50 year old, severely obese defendant suffering from Hepatitis C, diabetes, high blood pressure, high cholesterol, chronic liver disease, and asthma) (brackets in original) (quoting *United States v. Ayon-Nunez*, 1:16-cr-00130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020)).

The Court acknowledges that Littrell suffers from underlying conditions that would make him more susceptible to contracting COVID-19, and that the virus would further complicate those conditions. Littrell's severe obesity (BMI 41.4) and diabetes are valid concerns. But Littrell, at 52, is younger than high risk group identified by the CDC, and hypertension is not listed as listed by the CDC as an exacerbating ailment. Littrell's medical records indicate the BOP is managing his diabetes. Since his incarceration a little over a year ago, the BOP has provided him with a new glucose meter, diabetic supplies, custom orthotic footwear, a diabetic eye exam, and daily doses of insulin. There is only one entry in Littrell's medical chart that could be associated with a diabetic complication and the health service provided him a glucose tablet that appeared to resolve the issue. More importantly, Littrell has already contracted

COVID-19 and the BOP has properly managed the disease. According to medical records, Littrell was asymptomatic and has now recovered from his bout with COVID-19. Even after it listed Littrell's COVID-19 case as "resolved," the BOP continued to assess Littrell's health. Three weeks later, it administered a lung scan which showed "stable, normal, clear" lungs.

Littrell argues that because he was asymptomatic, he could get re-infected with COVID-19. The government concedes that there are no conclusive scientific data showing that people who have recovered from the novel coronavirus develop lasting immunity, but counters convincingly that over 12 million people have been infected with COVID-19 and we are not seeing media reports on wide-spread reinfections. Littrell also contends that he is at high risk for complications during the upcoming flu season. The logical conclusion of Littrell's arguments is that any severely obese diabetic should never be incarcerated during the current pandemic or during flu season because they are at a higher risk for complications from those viruses. As stated above, Littrell contracted COVID-19 and the BOP properly managed his infection. While Littrell's most recent blood counts are concerning, at oral argument, the AUSA said Littrell can be seen daily by the medical staff at Terminal Island if he so requests. While the number of cases in prisons in other parts of the country is rising, the number of infected prisoners at Terminal Island is waning. The Court finds that Littrell's medical conditions combined with the pandemic do not provide "extraordinary and compelling" reasons under Section D of Application Note 1 to U.S.S.G. § 1B1.13.

Because Littrell has not established "extraordinary and compelling" reasons justifying compassionate release, the Court does not consider the § 3553(a) sentencing factors. However, the Court notes that Littrell's proposed release plan is inadequate and he remains a danger to the community. Littrell proposes he be released to home confinement, the same place where he

committed his crimes. The Court acknowledges that Littrell was on supervised release prior to his incarceration and allowed to self-report, but that was pre-pandemic, when supervised release officers could physically inspect his premises. Currently, in-person supervision occurs rarely. Check-ins are now done by phone so Littrell could easily hide a computer or cell phone from his supervised release officer. Unlike drug use, consumption of child pornography cannot be detected by urinalysis. To date, Littrell has not completed any victim impact classes or sex-offender counseling to address his serious compulsive sexual behavior. Littrell's plan to be released to the same residence and living environment where he committed his crimes is inadequate to protect the community from the risk that he will engage in further child pornography activity.

## CONCLUSION

For the foregoing reasons, the Court DENIES Littrell's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 38.

IT IS SO ORDERED.

Dated this 10th day of July 2020.

                                                    /s/ Robert E. Jones
                                                  Robert E. Jones
                                                  Senior United States District Judge